UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re: THE FRAZER SCHOOL, INC., Case No. 26-10181-KK
Chapter 11

Debtor.
_______________________________________/

THE FRAZER SCHOOL, INC.,

Plaintiff,

vs. Adv. Pro. No.: 26-01014-KKS

NEWBERRY CHRISTIAN COMMUNITY SCHOOL, INC., a non-profit corporation, JAMES R. SCHRADER and RACHEL E. SCHRADER, husband and wife, Individually,

Defendants.
_______________________________________/

**MODIFIED SECOND AMENDED COMPLAINT**

Plaintiff, THE FRAZER SCHOOL, INC., a Florida Corporation (hereinafter "Frazer School" or "Plaintiff"), by and through its undersigned counsel, hereby files its Modified Second Amended Complaint against NEWBERRY CHRISTIAN COMMUNITY SCHOOL INC. ("NCCS"), JAMES R. SCHRADER ("J. Schrader") and RACHEL E. SCHRADER ("R. Schrader"), husband and wife (collectively, the "Schraders" and with NCCS, the "Defendants"), and alleges:

## NATURE OF ACTION

1. This is an adversary complaint seeking avoidance of fraudulent transfers, injunctive relief and damages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to title 28 of the United States Code, sections 157(b) and 1334(b).

3. Venue is proper in this district pursuant to title 28 of the United States Code, section 1409(a).

4. This proceeding arises under the Bankruptcy Code and is related to the above-captioned bankruptcy case of The Frazer School, Inc., case number 26-10181-KKS, now pending before this Court (the "Bankruptcy Case").

5. The Bankruptcy Case was initiated on June 12, 2026 (the "Petition Date").

6. This proceeding constitutes a "core" proceeding within the meaning of title 28 of the United States Code, section 157(b), and this Court may enter final orders for the matters referenced herein.

7. To the extent that any claim asserted herein constitutes a non-core proceeding and/or this Court lacks Constitutional authority to enter a final judgment on any claim asserted herein, the Debtor hereby consents to the entry of final orders and judgments by this Court pursuant to Federal Rule of Bankruptcy Procedure 7008.

## PARTIES

8. Plaintiff, the Frazer School is a private school operating out of the Subject Property in Gainesville, Florida.

9. NCCS is a Florida not for profit corporation operating a private school in Gainesville, Florida.

10. The Schraders are residents of Alachua County, Florida and operate NCCS in Gainesville, Florida.

## FACTUAL BACKGROUND

11. This lawsuit is brought to avoid fraudulent transfers, to declare the Frazer School is the legal title holder of the Subject Property, described below, and for damages arising from the Schraders' and NCCS' fraudulent conduct and for breaches of the School Transition and Asset Purchase Agreement (the "Agreement") entered into between the Frazer School, NCCS, the Schraders, and Edge Content, LLC ("Edge"), a copy of which is attached hereto as **Exhibit "A"**.

12. The Agreement involves the agreement to vest in the Frazer School certain real property in Alachua County, Florida, described as 4700 NW 89th Boulevard, Gainesville, Florida (the "Subject Property") which was purchased by the Schraders and NCCS with Frazer School money. The Subject Property is further described as follows:

**Legal Description**

**TPN: 06041-002-003 (A PORTION OF)**

A PARCEL OF LAND LYING IN SECTION 20, TOWNSHIP 9 SOUTH, RANGE 19 EAST, ALACHUA COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

**COMMENCE** AT THE NORTHWEST CORNER OF SAID SECTION 20 AND RUN SOUTH 00°40'50" EAST, ALONG THE WEST LINE OF SAID SECTION 20, A DISTANCE OF 2402.64 FEET TO A POINT LYING NORTH 00°40'50" WEST, A DISTANCE OF 647.33 FEET FROM THE SOUTHWEST CORNER OF PARCEL 3 AS DESCRIBED IN OFFICIAL RECORDS BOOK 5060, PAGE 2141, PUBLIC RECORDS OF ALACHUA COUNTY, FLORIDA; THENCE DEPARTING SAID WEST LINE OF SAID SECTION 20, RUN SOUTH 88°42'52" EAST, A DISTANCE OF 181.81 FEET; THENCE RUN NORTH 01°17'08" EAST, A DISTANCE OF 15.17 FEET TO THE **POINT OF BEGINNING**; THENCE RUN NORTH 01°17'08" EAST, A DISTANCE OF 95.82 FEET; THENCE RUN NORTH 73°53'50" EAST, A DISTANCE OF 101.79 FEET; THENCE RUN NORTH 16°09'39" WEST, A DISTANCE OF 33.59 FEET; THENCE RUN NORTH 73°50'21" EAST, A DISTANCE OF 47.63 FEET; THENCE RUN NORTH 56°58'52" EAST, A DISTANCE OF 231.63 FEET; THENCE RUN SOUTH 78°02'59" EAST, A DISTANCE OF 131.29 FEET; THENCE RUN SOUTH 11°56'57" WEST, A DISTANCE OF 202.52 FEET; THENCE RUN SOUTH 57°03'23" WEST, A DISTANCE OF 133.54 FEET; THENCE RUN NORTH 78°00'39" WEST, A DISTANCE OF 172.71 FEET; THENCE RUN SOUTH 76°05'02" WEST, A DISTANCE OF 140.18 FEET TO THE **POINT OF BEGINNING.**

---

13. Until December, 2025, the Schraders owned 100% of the stock in the Frazer School, with J. Schrader controlling the Frazer School for his own benefit.

14. J. Schrader initially operated the Frazer School and served as its sole shareholder from its inception in 2024 until December 18, 2025.

15. At least seventeen separate friends and family of the Frazer School, including Edge, Kurt and Brittany Dudas, and multiple Frazer School families, lent money, in an amount of approximately $5,015,000.00 to the Frazer School, during J. Schrader's tenure, for the purpose of, and based upon J. Schrader's representations that the monies would be used to purchase the Subject Property (the "Funds") for the Frazer School.

16. The Funds raised by J. Schrader, acting on behalf of the Frazer School, were never intended for the Schraders' personal use or NCCS' use, but rather were earmarked solely for the benefit of the Frazer School to be utilized to acquire the Subject Property in the Frazer School's name.

17. In the Fall 2025, it was discovered that the Frazer School, under J. Schrader's management, was not making payroll payments to its teachers.

18. In addition, it was discovered that J. Schrader had diverted the Funds, in part, to purchase the Subject Property, not for the Frazer School, but instead for NCCS and then for NCCS to, in turn, lease the Subject Property back to the Frazer School.

19. This diversion of the Funds was inconsistent with and was a breach of the promises J. Schrader made to the families who loaned monies to the Frazer School specifically to purchase and renovate the Subject Property.

20. Pursuant to the lease entered into between NCCS and the Frazer School (the "Lease"[1]), J. Schrader, acting on behalf of NCCS, and unbeknownst to the other leaders of the Frazer School, "leased" the Subject Property to the Frazer School at an above-market rate of $150,000.00 per month, an amount of more than 300% of the debt service on the mortgage for the Subject Property, to be paid to NCCS. A true and correct copy of the Lease is attached hereto as **Exhibit "B"**.

21. The Lease is unenforceable and voidable as it is signed by J. Schrader as the "Tenant", and J. Schrader as the "Landlord". *See* Ex. B.

22. Once J. Schrader's misappropriations and mismanagement of the Frazer School's Funds, along with other Frazer School property, was discovered, it was determined that ownership

[1] Reference to this agreement as a "Lease" should in no way be construed as an admission by the Frazer School that this document is a valid, legal lease agreement under Florida law. Instead, it is being referred to as a "Lease" solely for ease of reference.

and management of the Frazer School required reassignment. To that end, the Agreement was entered into between the Frazer School, NCCS, the Schraders, and Edge on December 17, 2025.

23. The Agreement was entered into for the principal purpose of transitioning the Frazer School's leadership, ownership, outstanding liabilities, and dealing with the issue of the retitling of the Subject Property. Therefore, the following action items were included in the Agreement:

i. The Schraders were required to resign as officers of the Frazer School, effective immediately;

ii. The existing Frazer School Board of Directors was required to resign and be replaced by a newly elected Board of Directors (the "Educators Board") that was granted plenary power over all aspects of the Frazer School;

iii. The Frazer School would initiate efforts to convert to a not-for-profit 501(c)(3) entity;

iv. The Frazer School would be vested with title to the Subject Property from NCCS; and

v. The Schraders would enter into an Irrevocable Proxy Agreement (the "Irrevocable Proxy") signing over 100% of the voting rights of their stock in the Frazer School to Olanrewaju Fayiga, who would serve as Principal of the Frazer School; and

vi. The Schraders and NCCS would execute all documents necessary to consummate the sale of the Subject Property.

24. Pursuant to the Agreement, time was of the essence and provided for prevailing party fees in the event of any legal action or proceeding instituted with respect to the Agreement. *See* Ex. A, sec. 8.2.

A. Irrevocable Proxy

25. Pursuant to the Agreement, the Schraders executed the Irrevocable Proxy, signing over 100% of the voting rights of their stock in the Frazer School to Olanrewaju Fayiga. A copy of the Irrevocable Proxy is attached hereto as **Exhibit "C"**.

B. Equity Credit

26. Pursuant to the Agreement, if the Defendants had complied with the Agreement, the Frazer School was to be given an Equity Credit in the amount of $5,119,262.85 at the time of its purchase of the Subject Property, which represented a portion of the Funds loaned to the Frazer School and misappropriated by the Defendants.

27. The Defendants defaulted on the Agreement, have not transferred the Subject Property to the Frazer School and have been unjustly enriched by keeping for their own use the Funds which were meant for the Frazer School's use to purchase the Subject Property.

28. Presently, due to the misappropriation of the Funds by the Defendants and the fact that, while the Frazer School holds equitable title to the Subject Property, the Defendants hijacked legal title transferring it to NCCS.

C. Execution of Documents Necessary to Consummate the Sale of the Subject Property

29. The Frazer School was able to secure a commitment for a loan to pay off legitimate debt the Schraders were then known to have incurred for the benefit of the Frazer School. As a prerequisite to securing the loan, the bank required the Frazer School to hold legal title to the Subject Property to collateralize the loan.

30. As such, and pursuant to the Agreement, the Frazer School presented NCCS and

the Schraders with the Purchase and Sale Agreement for the Subject Property.

31. After the Schraders failed to execute the Purchase and Sale Agreement, on April 22, 2026 and again on May 13, 2026, the Frazer School demanded the Schraders and NCCS specifically perform under the terms of the Agreement and sign the Purchase and Sale Agreement (the "Demand Letters"). True and correct copies of the Demand Letters are attached hereto as **Composite Exhibit "D"**.

32. Despite the Agreement's requirement for the Defendants to execute all documents necessary to consummate the transfer of title to the Subject Property, and the Demand Letters, the Defendants have failed and refused to transfer title to the Subject Property, thereby preventing the Frazer School from securing its loan.

33. In anticipation of closing on the Subject Property, the Frazer School ordered a title search.

34. Astoundingly, notwithstanding all of the representations and agreements in the Agreement, and in direct violation of the Agreement, the title search revealed that on March 10, 2026, approximately three (3) months after signing the Agreement, the Schraders used the Subject Property as collateral for a personal loan they supposedly made, in the amount of $1,477,991.00 (the "Schrader Loan") in direct contravention of the terms of the Agreement. A true and correct copy of the Second Mortgage and Security Agreement evidencing the Schrader Loan is attached **Exhibit "E"**.

35. Pursuant to the requirements of the lending institution for the Frazer School's new loan on the Subject Property, all prior liens on the Subject Property must be satisfied. Therefore, the Frazer School has been further damaged by the Schrader Loan as this is a lien that the Frazer School cannot satisfy and the Schraders refuse to satisfy, in direct violation of the Agreement.

D. Further Damages to the Frazer School Caused by the Defendants

36. On May 29, 2026, the Defendants, in another direct violation of the Agreement, filed a complaint for eviction against the Frazer School for not paying the mortgage on the Subject Property.

37. Pursuant to the Agreement, the Frazer School was only obligated to pay the Subject Property's mortgage, if they had the funds to do so.

38. Pre-petition, the Frazer School did not have the funds to pay the mortgage due to the Defendants' misappropriations. Post-petition, the Debtor has offered to begin making adequate protection payments to the Subject Property mortgage loan, not including cross-collateralized loans to the Defendants on other properties they actually own.

39. Additionally, the "Lease" was signed before the Agreement, and the Agreement supersedes the "Lease."

40. The Frazer School's move forward operations have been adversely affected by the Defendants' fraudulent conduct as well as their refusal to comply with the terms of the Agreement.

41. The actions of Defendants have directly resulted in the Frazer School seeking relief from this Court to avoid fraudulent transfers of substantial amounts, including the Funds, to obtain legal title consistent with the Frazer School's current equitable title in the Subject Property, for injunctive relief to prevent the Schraders and NCCS from further harming the Frazer School and for damages against the Defendants.

**COUNT I**
**<u>Breach of Contract</u>**

42. This is an action brought to enforce the Agreement entered into by the Plaintiff and Defendants.

43. The Plaintiff realleges the allegations set forth in paragraphs 1 through 41, all as through fully set forth herein.

44. Defendants executed the Agreement, but have failed to comply with the terms of the Agreement, including but not limited to Section 2.1 of the Agreement, which required titling of the Subject Property in the name of the Frazer School.

45. Accordingly, the Plaintiff sent the Demand Letters to Defendants and informed J. Schrader that a commitment for the financing on the Subject Property had been secured, pursuant to the requirements of the Agreement, yet the Defendants failed to comply with and have breached the Agreement. *See* Comp. Ex. D.

46. The Plaintiff attempted to obtain title to the Subject Property consistent with the terms and provisions of the Agreement but the Defendants have refused to comply with the Agreement.

47. The Plaintiff needs to be vested with title to the Subject Property and have all of the Funds, along with other property of the estate taken from the Frazer School by the Defendants, not directly used for the purchase of the Subject Property, be returned the Plaintiff.

48. The Defendants breached the Agreement, in part, by refusing to transfer title to the Subject Property.

49. The Plaintiff has been damaged by the Defendants' multiple breaches. These damages include:

a. <u>Ongoing mortgage and pass-through costs</u>. The Plaintiff is required to make mortgage payments on the Subject Property until closing;

b. Impairment of the Equity Credit. The Plaintiff has an equity credit of at least $5,119,262.85 which has already been paid to the Defendants to be applied to the purchase price for the Subject Property. Each day of delay jeopardizes the Plaintiff's ability to realize the full economic benefit of that credit through a timely closing. Indeed, as described in Paragraph 31 above, the Defendants have further encumbered the Subject Property with an additional $1,477,991.00 of secured debt, in direct violation of the Agreement;

c. Additional unnecessary professional fees. The Plaintiff is incurring attorney's fees and other professional costs solely because of the Defendants' refusal to close on the Subject Property; and

d. Operational disruption. The loan obtained by the Plaintiff for the purchase of the Subject Property also includes additional amounts that will pay for some of the Plaintiff's other payables and the Plaintiff's financial responsibilities. The Defendants' refusal to close is causing harm to the Plaintiff, its students, staff and community.

50. The Plaintiff has retained the law firms of Shumaker, Loop & Kendrick, LLP, to maintain this action.

WHEREFORE, the Plaintiff, The Frazer School Inc., hereby demands a judgment for damages for breach of the Agreement requiring retitling of the Subject Property in the name of the Plaintiff. This relief includes requiring the Defendants to execute and deliver a Warranty Deed to the Plaintiff, to satisfy any liens and encumbrances on the Subject Property which were not contemplated by the Agreement, and for damages, attorney's fees and costs, and all other relief this court deems appropriate.

**COUNT II**
**<u>Preliminary and Permanent Injunctive Relief</u>**

51. This is an action for injunctive relief against the Defendants.

52. The Plaintiff realleges the allegations set forth in paragraphs 1 through 41, all as through fully set forth herein.

53. The Agreement between the Plaintiff and the Defendants grants the Plaintiff legal title to the Subject Property on the terms and conditions specified therein.

54. Additionally, the Plaintiff is entitled to sue for injunctive relief to enforce transfer of legal title to the Subject Property to the Frazer School and to prevent further transfers of interests in the Subject Property, pursuant to the terms of the Agreement.

55. The Defendants have refused to honor the remaining terms and provisions of the Agreement, despite the fact that the Defendants are bound by the Agreement.

56. The Defendants' refusal to transfer legal title to the Subject Property and to stop transferring interests in the Subject Property has damaged the Plaintiff.

57. The Plaintiff would be irreparably harmed if the Defendants are permitted to continue to refuse to transfer legal title to the Subject Property to the Frazer School. This irreparable harm includes, but is not limited to:

a. <u>Ongoing mortgage and pass-through costs</u>. The Plaintiff is required to make mortgage payments on the subject property until closing;

b. <u>Impairment of the Equity Credit</u>. The Plaintiff has a credit of $5,119,262.85 which has already been paid to the Defendants to be applied to the purchase price. Each day of delay jeopardizes the Plaintiff's ability to realize the full economic benefit of that credit through a timely closing. Indeed, as described in Paragraph 31 above, the Defendants have further encumbered the Subject Property with an additional $1,477,991.00 of secured debt, in direct violation of the Agreement;

c. <u>Additional unnecessary professional fees</u>. The Plaintiff is incurring attorney's fees and other professional costs solely because of the Defendants' refusal to close on the

Subject Property; and

d. Operational disruption. The loan obtained by the Plaintiff for the purchase of the Subject Property includes additional amounts that will pay for some of the Plaintiff's other payables and financial responsibilities. The Defendants' refusal to close is causing harm to the Plaintiffs, its students, staff and community. Indeed, the Defendants' actions may force the Frazer School to close permanently.

58. The Defendants have even filed an eviction proceeding against the Plaintiff which lacks any legal merit and serves merely to threaten the Plaintiff from taking action against the Defendants.

59. Injunctive relief will serve the public interest as the Defendants' multiple breaches of the Agreement adversely affect the Frazer School's operations and restructuring of the legitimate debt on the Subject Property for the Frazer School, specifically in its preparations for the upcoming school year.

60. The Plaintiff is irreparably harmed by the acts and nuisance of the Defendants.

61. If the Plaintiff is not able to resolve legal title to the Subject Property and the Frazer School's liabilities, the Frazer School will be irreparably harmed.

62. The Plaintiff has a substantial likelihood of success on the merits, as demonstrated herein.

63. The Plaintiff requests preliminary and permanent injunctive relief to enforce the Agreement, restore legal title to the Subject Property, to prevent further harm to title to the Subject Property, as it has no adequate remedy at law, and to compel conveyance of legal title to the Subject Property pursuant to the terms of the Agreement.

64. The Plaintiff has retained the law firms of Shumaker, Loop & Kendrick, LLP, to maintain this action.

WHEREFORE, the Plaintiff, The Frazer School, Inc., requests this Court to enter a Final

Judgment in its favor and requests temporary and permanent injunctive relief in its favor against the Defendants, specifically requiring the Defendants to cease from further transferring, hypothecating, mortgaging or otherwise encumbering the Subject Property, and to then execute and deliver a Warranty Deed to the Plaintiff for the Subject Property absent any liens other than those agreed to through the Agreement, for damages, attorney's fees and costs, and for any other relief this Court deems just.

**COUNT III**
**Imposition of Equitable Lien,**
**Constructive Trust and/or Resulting Trust Against the Subject Property**

65. This is an action for Equitable Lien, Constructive Trust and/or Resulting Trust in favor of the Plaintiff and against the Defendants.

66. The Plaintiff realleges the allegations set forth in paragraphs 1 through 41, all as through fully set forth herein.

67. The Plaintiff and the Defendants have a confidential relationship.

68. The promises the Defendants made to the Frazer School's families regarding the purchase of the Subject Property, as well as the terms and provisions of the Agreement, constitute a promise between the Parties, specifically a promise for legal title to the Subject Property to be transferred to the Frazer School.

69. The Plaintiffs relied on these promises made by the Defendants relating to the sale of the Subject Property.

70. Additionally, the Subject Property was acquired by the fraudulent acts of the Defendants, specifically J. Schrader's diversion of Funds in the amount of $5,119,262.85 along with other substantial property of the estate otherwise converted or stolen from the Frazer School.

71. The Subject Property was purchased with the Funds specifically raised from Frazer School families and earmarked for the benefit of the Frazer School, but the title was instead taken in the name of NCCS.

72. The Defendants knew these funds were to be used for the Frazer School's purchase of the Subject Property, as evidenced by the loans from Frazer School families and the Agreement.

73. The Defendants accepted and retained these funds for themselves, despite having knowledge that these funds were specifically earmarked for the Frazer School and the purchase of the Subject Property.

74. It would be inequitable to allow the Defendants to retain the funds and the Subject Property without vesting legal title in the Subject Property and otherwise compensating the Plaintiff.

75. The Defendants have a duty to provide the legal title to the Subject Property pursuant to the Agreement. *See* Ex. A.

76. There was no intent amongst the Parties that the monies taken by the Defendants from the Frazer School accounts was to be considered a gift.

77. The Plaintiff entered into the Agreement in reliance that the Subject Property would be conveyed to the Plaintiff by the Defendants pursuant to the terms and conditions of the Agreement.

78. The Defendants have misappropriated the Funds and the Subject Property and refused to return the same and/or allow the legal title to the Subject Property to be transferred to the Frazer School as required by the Agreement.

79. The Plaintiff has no other adequate remedy at law other than to demand that the Court impose a lien on or otherwise vest legal title in and to the Subject Property, in order to protect its interest in the Subject Property.

80. The Plaintiff has retained the law firms of Shumaker, Loop & Kendrick, LLP, to

maintain this action.

WHEREFORE, the Plaintiff, The Frazer School, hereby respectfully demands an Equitable Lien, Constructive Trust and/or Resulting Trust against Defendants, Newberry Christian Community School, Inc., James Schrader, and Rachel Schrader, in favor of Plaintiff and against the Subject Property for the entirety of the value of the Subject Property or, alternatively in the amount of at least $5,119,262.85 in Funds, along any and all additional property of the estate wrongfully taken from the Frazer School, in addition to any and all relief this Court deems necessary including attorney's fees and costs.

**COUNT IV**
**Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548**

81. This is an action for avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548.

82. The Plaintiff realleges the allegations set forth in paragraphs 1 through 41, all as through fully set forth herein.

83. Pursuant to 11 U.S.C. § 548(a)(1), the trustee has certain avoiding powers, including the avoidance of:

> An interest of the debtor in property, or any obligation . . . incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition , if the debtor voluntarily or involuntarily—(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted

*See* 11 U.S.C. § 548(a)(1)(A).

84. From the Frazer School's inception until December 18, 2025, J. Schrader operated and served as the Frazer School's Principal.

85. During the last two (2) years preceding the Petition Date, in addition to the approximate amount of $5,119,262.85 in the Funds wrongfully taken from the Frazer School, J. Schrader made an additional series of transfers of the Frazer School's property, with the actual intent to hinder, delay, or defraud the Frazer School to each of the Defendants or affiliates. These transfers include the following:

| *Transfers from the Frazer School to NCCS* | |
|---|---|
| **Date** | **Amount** |
| 6/18/2024 | $50,000.00 |
| 7/3/2024 | $45,000.00 |
| 7/17/2024 | $50,000.00 |
| 7/31/2024 | $35,000.00 |
| 9/17/2024 | $30,000.00 |
| 10/2/2024 | $5,000.00 |
| 10/11/2024 | $6,000.00 |
| 10/23/2024 | $50,000.00 |
| 10/23/2024 | $60,000.00 |
| 10/23/2024 | $23,000.00 |
| 10/23/2024 | $75,000.00 |
| 10/23/2024 | $100,000.00 |
| 11/14/2024 | $5,000.00 |
| 11/20/2024 | $50,000.00 |
| 12/2/2024 | $50,000.00 |
| 12/15/2024 | $100,000.00 |
| 12/18/2024 | $100,000.00 |
| 12/18/2024 | $100,000.00 |
| 12/18/2024 | $100,000.00 |
| 1/23/2025 | $30,000.00 |
| 2/5/2025 | $100,000.00 |
| 3/3/2025 | $100,000.00 |
| 3/26/2025 | $100,000.00 |
| 4/24/2025 | $50,000.00 |
| 5/27/2025 | $50,000.00 |
| 6/20/2025 | $50,000.00 |
| 6/24/2025 | $75,000.00 |
| 7/1/2025 | $50,000.00 |
| 7/7/2025 | $20,000.00 |
| 7/16/2025 | $15,000.00 |
| 7/17/2025 | $20,000.00 |
| 7/18/2025 | $15,000.00 |

| | |
|---|---|
| 7/18/2025 | $5,766.06 |
| 7/25/2025 | $2,424.82 |
| 7/28/2025 | $10,000.00 |
| 8/5/2025 | $35,000.00 |
| 8/20/2025 | $100,000.00 |
| 9/9/2025 | $50,000.00 |
| 9/12/2025 | $5,665.98 |
| 11/12/2025 | $16,800.00 |
| 11/12/2025 | $150,000.00 |
| | Total: $2,084,656.86 |
| *Transfers from the Frazer School to J. Schrader* | |
| 6/17/2024 | $15,000.00 |
| 7/3/2024 | $5,000.00 |
| 7/9/2024 | $5,500.00 |
| 7/10/2024 | $16,200.00 |
| 7/19/2024 | $20,000.00 |
| 7/23/2024 | $54,000.00 |
| 7/30/2024 | $10,000.00 |
| 7/30/2024 | $5,500.00 |
| 8/9/2024 | $20,000.00 |
| 8/16/2024 | $12,000.00 |
| 8/20/2024 | $2,000.00 |
| 8/23/2024 | $2,000.00 |
| 8/26/2024 | $5,000.00 |
| 8/26/2024 | $1,000.00 |
| 10/1/2024 | $1,500.00 |
| 10/4/2024 | $4,500.00 |
| 10/7/2024 | $3,000.00 |
| 10/15/2024 | $2,500.00 |
| 10/23/2024 | $1,011.50 |
| 10/29/2024 | $10,000.00 |
| 10/31/2024 | $833.10 |
| 11/19/2024 | $3,000.00 |
| 11/21/2024 | $50,000.00 |
| 11/22/2024 | $10,000.00 |
| 12/3/2024 | $7,090.94 |
| 12/3/2024 | $7,090.93 |
| 12/3/2024 | $7,090.93 |
| 12/3/2024 | $7,090.94 |
| 12/4/2024 | $7,090.93 |
| 12/20/2024 | $7,090.94 |
| 12/30/2024 | $115,000.00 |
| 1/24/2025 | $7,108.39 |
| 2/7/2025 | $10,000.00 |

| | | |
|---|---|---|
| 2/11/2025 | $10,000.00 | |
| 2/25/2025 | $22,400.00 | |
| 4/11/2025 | $12,000.00 | |
| 5/16/2025 | $1,750,000.00 | |
| 6/24/2025 | $9,674.85 | |
| 8/6/2025 | $7,000.00 | |
| 8/7/2025 | $161.40 | |
| 8/15/2025 | $3,274.24 | |
| 8/25/2025 | $10,000.00 | |
| 8/29/2025 | $3,274.24 | |
| 11/3/2025 | $7,000.00 | |
| 11/3/2025 | $6,000.00 | |
| 11/3/2025 | $17,000.00 | |
| 11/12/2025 | $45,000.00 | |
| | Total: | $2,336,983.33 |
| *Transfers from the Frazer School to R. Schrader* | | |
| 12/30/2024 | $115,000.00 | |
| 12/31/2024 | $7,090.93 | |
| 12/31/2024 | $7,090.94 | |
| 12/31/2024 | $7,090.93 | |
| 12/31/2024 | $7,090.94 | |
| 12/31/2024 | $7,090.93 | |
| 12/31/2024 | $7,090.94 | |
| 1/24/2025 | $7,108.39 | |
| 8/29/2025 | $7,108.40 | |
| | Total: | $171,762.40 |
| *Transfers from the Frazer School to Little Warriors Day School, LLC*[2] | | |
| 9/3/2024 | $40,000.00 | |
| 10/6/2025 | $8,000.00 | |
| 10/9/2025 | $8,000.00 | |
| 11/12/2025 | $16,000.00 | |
| | Total: | $72,000.00 |

(collectively all of the Funds taken along with the forgoing monies shall be referred to as the "Transfers")[3].

86. These Transfers were discovered by the Frazer School through a review of the Frazer

[2] Little Warriors Day School, LLC is another Florida limited liability company for which J. Schrader acts as President and Registered Agent.

[3] The forensic review of monies taken by the Defendants from the Frazer School accounts is ongoing and this proceeding will pursue recovery of all amounts wrongfully taken by the Defendants from the Frazer School.

School's books and records, as well as bank account statements. The Frazer School reserves the right to amend to add additional transfers if appropriate.

87. These Transfers were made to insiders, specifically, the Schraders and Little Warriors Day School, LLC, a Florida limited liability company for which J. Schrader is the President and Registered Agent.

88. The Transfers were not disclosed and were of a substantial amount of the Frazer School's assets.

89. Further, the Transfers made by J. Schrader constituted essential assets of the Frazer School, specifically the Funds earmarked for the benefit of the Frazer School.

WHEREFORE, the Plaintiff, The Frazer School, hereby respectfully requests this Court enter judgment in favor of the Plaintiff and against the Defendants, (i) finding that all or part of the Transfers were fraudulent, (ii) avoiding such transfers for the benefit of the Bankruptcy Estate, and (iii) awarding any and all further relief as is necessary and just.

## COUNT V
## Civil Theft Pursuant to Sections 772.11, and 812.014, Florida Statutes

90. The Frazer School realleges the allegations set forth in paragraphs 1 through 41, and 84 – 89, all as though fully set forth herein.

91. J. Schrader made the Transfers of Frazer School property during the last two (2) years preceding the Petition Date, with the intent of depriving the Frazer School of this property and appropriate the Frazer School funds for J. Scrader and his affiliate's own use.

92. The Transfers were discovered by the Frazer School through a review of the Frazer School's books and records, as well as bank account statements.

93. The Transfers were made to or for the benefit of insiders, specifically the Schraders and business entities they own and control.

94. In making the Transfers, and in violation of Fla. Stat. § 812.014(1)(a), J. Schrader knowingly and intentionally obtained, used, and/or converted Frazer School funds, with the felonious intent to deprive the Frazer School, either temporarily or permanently, of its right to the property.

95. Further, J. Schrader knowingly and intentionally obtained, used, and/or converted Frazer School funds, with the felonious intent to appropriate, either temporarily or permanently, the Frazer School funds to his own personal use in violation of Fla. Stat. § 812.014(1)(b).

96. Pursuant to Fla. Stat. § 772.11, on or about June 9, 2026, the Frazer School made a written demand to J. Scrader for treble damages in the amount of $14,020,207.77, or three times the actual damages of $4,673,402.59, before filing the instant action (the "Demand"). *See* the Demand Letter from the Frazer School to J. Schrader dated June 9, 2026, and attached hereto as **Exhibit "F"**.

97. J. Schrader has failed and refused to comply with the terms of the Demand.

98. As a result of J. Schrader's failure and refusal to comply with the Demand, the Frazer

School has been damaged.

WHEREFORE, the Plaintiff, The Frazer School, respectfully requests this Court enter a judgment against Defendant. James Schrader, for treble damages in the amount of $14,020,207.77 (or three times the value of the amount James Schrader has misappropriated for his own use), plus reasonable attorneys' fees, interest, costs, and all further relief as is necessary and just.

## COUNT VI
## Declaratory Judgment Regarding the Lease

99. The Frazer School realleges the allegations set forth in paragraphs 1 through 41, all as though fully set forth herein.

100. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking a determination that the Lease is unenforceable, a sham transaction and/or a fraudulent transfer.

101. Pursuant to the Agreement, the Subject Property must be titled in the name of the Frazer School. *See* Ex. A, Section 2.1.

102. The Defendants have failed, and refuse, to execute all documents necessary to title the Subject Property in the name of the Frazer School, in direct violation of the Agreement.

103. Instead, the Defendants continue their attempts to enforce the Lease, going so far as to file an eviction proceeding against the Frazer School which lacks any legal merit and serves merely to threaten the Frazer School.

104. The Lease is not a legitimate lease agreement, but rather is a vehicle to defraud the Frazer School, wholly unsupported by consideration. NCCS is not providing any value to the Frazer School through the Lease, as any value the Lease provides the Frazer School is predicated upon the Defendants' fraudulent acquisition of the Subject Property.

105. There is a bona fide, actual, present, practical need for a declaration by this Court concerning the validity of the Lease.

106. The declaration sought is for a present, ascertained or ascertainable state of facts or present controversy as to a state of facts and is not sought merely as an advisory opinion or propounded from curiosity.

107. The Frazer School's rights are dependent upon the facts or the law applicable to the facts.

WHEREFORE, the Plaintiff, The Frazer School, respectfully requests this Court enter a judgment i) finding that the Lease is illegal, unenforceable, a sham transaction and/or a fraudulent transfer, wholly unsupported by consideration, (ii) avoiding any payments made to the Defendants under the Lease, and (iii) awarding any and all further relief as is necessary and just.

**COUNT VII**
**Recovery Pursuant to 11 U.S.C. § 550(a)(1)**

108. The Frazer School realleges the allegations set forth in paragraphs 1 through 41, all as though fully set forth herein.

109. This is a claim for recovery of the Transfers, or their value, pursuant to 11 U.S.C. § 550(a)(1).

110. As set forth in Count IV, *supra*, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1).

111. To the extent that the Transfers are avoided as requested in this Complaint, section 550(a) authorizes the Trustee to recover the transferred property, or its value from the immediate transferee or the entity for whose benefit such transfers were made, or from any intermediate or

mediate transferee.

112. The Trustee is authorized to pursue recovery from all available sources until the full amount of unlawfully transferred estate property is fully realized for the estate's creditors.

113. Of the Transfers, NCCS was the initial transferee of at least $2,084,656.86 and the Schraders were the initial transferees of numerous discrete transfers totaling not less than $2,508,745.73 during the two (2) years preceding the Petition Date. *See* ¶ 85.

114. Upon information and belief, during the period of time during which the Schraders received the Transfers, from the time they started pulling cash out of the Debtor in June, 2024 and prior to October 29, 2024, when J. Schrader purchased a 21-foot 2022 Coleman Camper Trailer with VIN 4YDTCMG13NJ941631 (the "Camper"), J. Schrader pulled at least $195,711 out of the Debtor, in addition to what NCCS and R. Schrader stole from the Debtor..

115. Then, from the time he bought his Camper, J. and R. Schrader pulled out another $413,103 between November 1, 2024 and February 12, 2025, when the Schraders acquired certain real property located at 1215 N Halifax Avenue, Daytona Beach, Florida 32118, which is legally described as:

> That certain property in MAP OF SEABREEZE PARK lying West of Halifax Avenue between the North and the South lines of the South 47.5 feet of Lot 21, Block 6, produced to the Halifax River. Said property refers to MAP OF SEABREEZE PARK SUBDIVISION, as per map recorded in Map Book 5, Page 2-A, Public Records of Volusia County, Florida.

(the "Beach House"), J. and R. Schrader pulled another $413,103 out of the Debtor.

116. On February 18, 2025, the corresponding General Warranty Deed was recorded in the Public Records of Volusia County at Book 8666, Page 2586 as Instrument No. 2025029820 (the "Warranty Deed"). According to public records, the Schraders paid $625,000.00 for the Beach House.

A copy of the Warranty Deed is attached hereto as **Exhibit "G"**.

117. The Schraders closed on the Beach House in cash, without financing, and it was not until months later that they took out two mortgages on the Beach House. True and correct copy of the First and Second Mortgages are attached hereto as **Composite Exhibit "H"**.

118. Upon information and belief, between February 12, 2025 and April 23, 2025, when J. Schrader purchased a 21-foot 2020 Godfrey boat with VIN GDY54311K902 for $14,745.00 (the "Boat"), J. and R. Schrader pulled another $34,400 out of the Debtor.

119. In addition to such Transfers taken prior to acquiring the Camper, Beach House and Boat, J. and R. Schrader took another $1.85M from the Debtor.

120. Upon information and belief, the Schraders purchased the Camper, Beach House and the Boat with funds obtained from the Debtor.

121. By reason of the foregoing, the Frazer School is entitled to recover all Transfers from the Schraders, pursuant to 11 U.S.C. § 550(a)(1), including, but not limited to, the Camper, Beach House and the Boat, or in the alternative, the value thereof, together with interest thereon from the date of the Transfers, and such other relief as the Court deems just and proper.

WHEREFORE, the Plaintiff, The Frazer School, respectfully requests this Court (i) enter a judgment in favor of the Plaintiff and against the Defendants, James R. Schrader and Rachel E. Schrader; (ii) order said judgment to be paid from the proceeds of the sale of the Camper, Beach House and the Boat, as necessary to satisfy the judgment; and (iii) grant any and all further relief as is necessary and just.

**COUNT VIII**
**Imposition of Equitable Lien,**
**Constructive Trust and/or Resulting Trust Against the Camper, Beach House, and Boat**

122. This is an action for Equitable Lien, Constructive Trust and/or Resulting Trust in favor of the Plaintiff and against the Defendants, James R. Schrader and Rachel E. Schrader.

123. The Plaintiff realleges the allegations set forth in paragraphs 1 through 41, and those set forth in paragraphs 113 – 121, all as through fully set forth herein.

124. The Plaintiff and the Schraders have a confidential relationship.

125. The promises the Schraders made to the Frazer School's families regarding the purchase of the Subject Property, as well as the terms and provisions of the Agreement, constitute a promise between the Parties, specifically a promise for legal title to the Subject Property to be transferred to the Frazer School.

126. The Plaintiffs relied on these promises made by the Defendants relating to the sale of the Subject Property.

127. In addition to the Subject Property, the Camper, Beach House, and Boat were acquired by the fraudulent acts of the Schraders, specifically their diversion of Funds in the amount of $5,119,262.85 along with other substantial property of the estate otherwise converted or stolen from the Frazer School.

128. The Camper, Beach House, and Boat were purchased with the Funds specifically raised from Frazer School families and earmarked for the benefit of the Frazer School, but the titles were instead taken in the name of the Schraders.

129. The Schraders knew these funds were to be used for the Frazer School's purchase of the Subject Property, as evidenced by the loans from Frazer School families and the Agreement.

130. The Schraders accepted and retained these funds for themselves, including for the

purchase of the Camper, Beach House, and Boat, despite having knowledge that these funds were specifically earmarked for the Frazer School and the purchase of the Subject Property.

131. It would be inequitable to allow the Defendants to retain the funds and the Camper, Beach House, and Boat without vesting legal title in the Camper, Beach House, and Boat with the Plaintiff and otherwise compensating the Plaintiff.

132. There was no intent amongst the Parties that the monies taken by the Defendants from the Frazer School accounts was to be considered a gift.

133. The Plaintiff entered into the Agreement in reliance that the Subject Property would be conveyed to the Plaintiff by the Defendants pursuant to the terms and conditions of the Agreement.

134. The Defendants have misappropriated the Funds.

135. The Plaintiff has no other adequate remedy at law other than to demand that the Court impose a lien on or otherwise vest legal title in and to the Camper, Beach House, and Boat, in order to protect its interest in the Camper, Beach House, and Boat.

136. The Plaintiff has retained the law firms of Shumaker, Loop & Kendrick, LLP, to maintain this action.

WHEREFORE, the Plaintiff, The Frazer School, hereby respectfully demands an Equitable Lien, Constructive Trust and/or Resulting Trust against Defendants, James Schrader and Rachel Schrader, in favor of Plaintiff and against the Camper, Beach House, and Boat for the entirety of the value of those assets, along with any and all additional property of the estate wrongfully taken from the Frazer School, in addition to any and all relief this Court deems necessary including attorney's fees and costs.

DATED: September 24, 2026.

**SHUMAKER, LOOP & KENDRICK, LLP**

*/s/ Steven M. Berman*
Steven M. Berman, Esq.
Fla. Bar No. 856290
101 E. Kennedy Blvd., Ste. 2800
Tampa, FL 33602
T: (813) 229-7600 | F: (813) 229-1660
Primary email: sberman@shumaker.com
*Counsel for Plaintiff*