Exhibit G

# IRREVOCABLE PROXY AND SHARE PURCHASE AGREEMENT

This **IRREVOCABLE PROXY AND SHARE PURCHASE AGREEMENT** (this "Agreement") is entered into as of December 18, 2025, by and among James Schrader and Rachel Schrader (collectively, the "Shareholders"), Olanrewaju Fayiga ("Fayiga"), and The Frazer School Inc. (the "Corporation").

## RECITALS

WHEREAS, the Shareholders own all issued and outstanding shares of the Corporation (the "Shares"), as shown on Schedule A;

WHEREAS, the Corporation has entered into financing arrangements with lenders listed on Schedule B (the "Lenders"), creating the indebtedness and obligations described on Schedule B (the "Indebtedness");

WHEREAS, the Shareholders desire to irrevocably assign all voting rights to Fayiga until all Indebtedness is satisfied, at which time the Shareholders will sell all Shares to Fayiga for nominal consideration;

NOW, THEREFORE, the parties agree as follows:

## 1. IRREVOCABLE PROXY

**1.1 Grant of Proxy.** Each Shareholder hereby irrevocably grants to Fayiga the exclusive right and power to vote, consent, and otherwise act with respect to all Shares, including the right to:

(a) Vote the Shares at all shareholder meetings;
(b) Execute written consents in lieu of meetings;
(c) Grant or withhold consent to any action requiring shareholder approval;
(d) Elect, remove, or replace directors;
(e) Approve amendments to organizational documents;
(f) Approve mergers, asset sales, or dissolution; and
(g) Exercise all other voting and consent rights associated with the Shares.

**1.2 Irrevocability.** This proxy is irrevocable and coupled with an interest, specifically: (a) Fayiga's role as a director with fiduciary duties; (b) Fayiga's interest in ensuring compliance with Lender obligations; (c) Fayiga's contractual right to purchase the Shares under Section 2; and (d) the Lenders' interest in governance stability. This proxy cannot be revoked by the Shareholders, by operation of law, or otherwise, except as provided in Section 1.3.

**1.3 Duration.** This proxy shall remain in effect until the earlier of: (a) the date when all Indebtedness described on Schedule B is paid in full, all obligations to Lenders are discharged, all security interests are released, and the Corporation receives written confirmation from Lenders that no further obligations exist (the "Termination Date"); or (b) closing of the share purchase under Section 2.

## 2. PURCHASE AND SALE OF SHARES

**2.1 Obligation to Sell.** Upon the Termination Date, each Shareholder shall sell, and Fayiga shall purchase, all Shares for an aggregate purchase price of One Hundred Dollars ($100.00), allocated among Shareholders proportionally.

**2.2 Closing.** The closing shall occur within thirty (30) days after the Termination Date. At closing:

(a) Each Shareholder shall deliver: (i) stock certificates duly endorsed or with executed stock powers; (ii) a bill of sale; and (iii) a certificate confirming the accuracy of representations in Section 4.

(b) Fayiga shall deliver the purchase price by wire transfer or check.

3. SHAREHOLDER COVENANTS

**3.1 Suspension of Rights.** During the proxy term, each Shareholder shall not: (a) exercise or attempt to exercise any voting or consent rights; (b) grant any proxy to any other person; (c) take any action conflicting with this Agreement; or (d) sell, transfer, pledge, or encumber any Shares except as contemplated by Section 2 or with Fayiga's and the Lenders' prior written consent.

**3.2 Economic Rights Retained.** Shareholders retain all economic rights in the Shares, including rights to dividends and distributions, subject to Lender restrictions and applicable law.

**3.3 Corporation Acknowledgment.** The Corporation acknowledges this Agreement and agrees to recognize Fayiga as the sole person entitled to exercise voting rights with respect to the Shares during the proxy term. The Corporation shall deliver all shareholder communications and proxy materials directly to Fayiga.

4. REPRESENTATIONS AND WARRANTIES

**4.1 Shareholders.** Each Shareholder represents and warrants that: (a) such Shareholder has full authority to execute and perform this Agreement; (b) such Shareholder owns the Shares free and clear of all liens and encumbrances; (c) this Agreement does not conflict with any other agreement or obligation; (d) no consents are required; and (e) such Shareholder understands this Agreement and enters into it voluntarily.

**4.2 Fayiga.** Fayiga represents and warrants that: (a) he has full authority to execute and perform this Agreement; and (b) this Agreement does not conflict with any other agreement or obligation.

5. SPECIFIC PERFORMANCE

The parties acknowledge that monetary damages are inadequate for breach of this Agreement. Each party is entitled to specific performance and injunctive relief without posting a bond or proving irreparable harm, in addition to all other available remedies.

6. GENERAL PROVISIONS

**6.1 Governing Law.** This Agreement shall be governed by the laws of the State of Florida.

**6.2 Entire Agreement.** This Agreement constitutes the entire agreement among the parties and supersedes all prior agreements regarding the subject matter hereof.

**6.3 Amendments.** This Agreement may be amended only by written instrument executed by all parties and, during the Indebtedness Period, with the Lenders' prior written consent.

**6.4 Severability.** If any provision is held invalid, the remaining provisions shall remain in full force and effect.

**6.5 Successors and Assigns.** This Agreement binds and benefits the parties and their respective successors and permitted assigns. No party may assign this Agreement without the other parties' prior written consent, except Fayiga may assign to entities he controls or trusts for his benefit.

**6.6 Notices.** All notices shall be in writing and delivered personally, by email (with confirmation), by overnight courier, or by certified mail to the addresses on the signature pages.

**6.7 Counterparts.** This Agreement may be executed in counterparts, including by electronic transmission (PDF), each constituting an original.

**6.8 Construction.** Headings are for convenience only. "Include" and similar terms mean "including without limitation."

**EXECUTION**

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

**SHAREHOLDERS:**

James Schrader James Schrader
Address: 13226 SW 1st Place, Newberry, Florida 32669

Rachel Schrader Rachel Schrader
Address: 13226 SW 1st Place, Newberry, Florida 32669

**PROXY HOLDER:**

Fayiga Olanrewaju Fayiga
Address: 8 NW 35th Terrace, Gainesville FL 32607

**ACKNOWLEDGED AND AGREED:**

THE FRAZER SCHOOL INC.

By: James Schrader
Name: James Schrader
Title:

**SCHEDULE A - SHARE OWNERSHIP**

| Shareholder | Number of Shares | Percentage |
|---|---|---|
| James Schrader | 1 | 50% |
| Rachel Schrader | 1 | 50% |
| **TOTAL** | 2 | **100%** |

**SCHEDULE B – LENDERS AND INDEBTEDNESS**

1. Capital City Bank: Mortgage (~$4M)
2. Joiner Construction: Debt (~$3.25M)
3. Kurt Dudas and Brittany Dudas: Promissory Note dated November 17, 2025, in the principal amount of $3,175,000.00 in favor of Kurt and Brittany Dudas
4. Edge Content, LLC: Promissory Note dated May 21, 2025, in the principal amount of $500,000.00 in favor of Edge Content, LLC
5. IRS: Outstanding payroll liability (~$600,000)