EVERSHEDS SUTHERLAND

**Eversheds Sutherland (US) LLP**
999 Peachtree Street, NE, Suite 2300
Atlanta, GA 30309-3996

D: 404.853.8134
F: 404.853.8806

rachelreid@eversheds-sutherland.com

**VIA OVERNIGHT DELIVERY (FEDEX/UPS) AND ELECTRONIC MAIL**

**PERSONAL AND CONFIDENTIAL**

April 22, 2026

James R. Schrader, President
Newberry Christian Community School, Inc.
13226 SW 1st Place
Gainesville, FL 32669

Email: jrschr10@gmail.com

**AND**

Newberry Christian Community School, Inc.
1520 NW 34th Street
Gainesville, FL 32605
Attention: James R. Schrader, President

**cc:** Richard I. Withers, Esq.
Withers Harvey, P.A.
1120 NW 8th Avenue
Gainesville, FL 32601

Email: richard@withersharvey.com

**Re: NOTICE OF MATERIAL BREACH AND FORMAL DEMAND FOR IMMEDIATE PERFORMANCE — School Transition and Asset Purchase Agreement (Effective December 17, 2025)**

Dear Mr. Schrader:

This firm represents The Frazer School, Inc. (the "*School*"), acting through its Educator Board, and the Lenders as defined in the School Transition and Asset Purchase Agreement effective December 17, 2025 (the "*Transition Agreement*"). This letter constitutes formal notice of your material breach of the Transition Agreement, arising from your refusal to execute or meaningfully negotiate the purchase and sale agreement for the Building (the "*PSA*"). We demand your immediate compliance. Failure to comply within the timeframe set forth herein will result in immediate litigation, without further notice.

We have simultaneously transmitted a copy of this letter to your counsel, Richard I. Withers, Esq.

## I. BACKGROUND

The Transition Agreement was made and entered into as of December 17, 2025 (the "*Effective Date*"). You signed the Transition Agreement in no fewer than three capacities: as President of The Frazer School, Inc.; as President of Newberry Christian Community School, Inc. ("*NCCS*"); and individually as James R. Schrader. The parties had ample opportunity to receive the advice of counsel in the preparation, drafting, and execution of the Transition Agreement, which was negotiated in good faith and at arm's length. You cannot now feign ignorance of its terms.

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

EVERSHEDS SUTHERLAND



NCCS owns the real property and improvements located at 4700 NW 89th Boulevard, Gainesville, FL 32606 (the "*Building*"). Among the central elements of the transaction contemplated by the Transition Agreement is that the School would purchase the Building from NCCS. To effectuate that obligation, the School prepared and tendered to you a purchase and sale agreement — the PSA — ready for execution. The PSA itself expressly recites that the Transition Agreement is currently in full force and effect, and that the PSA is issued pursuant to the Transition Agreement, under which the Purchaser has the option to purchase the Building on the terms and conditions set forth in the Transition Agreement.

Despite the PSA being fully negotiated and ready for execution, you have refused to sign it. You have offered no good-faith alternative. You have engaged in no substantive negotiation. This refusal is unacceptable, legally indefensible, and constitutes a material breach of your binding contractual obligations under the Transition Agreement.

**II. YOUR BINDING CONTRACTUAL OBLIGATIONS UNDER THE TRANSITION AGREEMENT**

**A. NCCS's Unconditional and Binding Commitment to Sell the Building**

The Transition Agreement does not merely express a hope or intention that the Building might eventually be sold. It creates an unconditional legal obligation. Section 2.1 of the Transition Agreement provides, in plain and unambiguous terms, that NCCS hereby agrees to sell the Building to an entity selected by the Educator Board and the Lenders, and that the closing of such sale shall occur as soon as reasonably practicable after the Financing is secured, but in no event later than twelve (12) months after the Effective Date. The Effective Date is December 17, 2025. The Closing Deadline is therefore no later than December 17, 2026. The PSA is the contractual instrument through which you are required to perform the obligation you voluntarily assumed in the Transition Agreement. Your refusal to execute it is a direct repudiation of Section 2.1.

**B. The Purchase Price Is Fixed — There Is Nothing Left to "Negotiate" on That Score**

The Transition Agreement establishes precise and binding economic terms for the sale. The purchase price is calculated strictly as follows: the mortgage payoff amount (estimated at $4,000,000.00), plus the Joiner Construction debt (estimated at $3,250,000), minus the Equity Credit to the School of $5,119,262.85. Section 2.3 further caps the total purchase price (excluding the Equity Credit) at $8,383,821.85, calculated as $13,503,084.70 minus $5,119,262.85. NCCS acknowledges a credit of $5,119,262.85 already paid by the School to NCCS, which shall be deducted from the Building purchase price. These are not terms open for renegotiation. They are terms you agreed to in December 2025.

**C. Your Obligation to Execute Further Documentation**

You are independently obligated under the Transition Agreement to execute the documents necessary to consummate the Building sale. Section 8.14 of the Transition Agreement expressly provides that the School and the Schraders agree to execute and deliver to the Lenders such other and further documentation and to undertake such further actions as the Lenders shall deem necessary to effectuate the provisions of the Agreement. Section 8.14 independently provides that each party to the Agreement shall take such further actions to execute, file, record, publish and deliver such additional certificates, instruments, agreements and other documents as the other party or parties may, from time to time, reasonably request, in order to effectuate or otherwise to accomplish the purposes of the Agreement. The PSA is precisely such a document. There is no colorable basis for your refusal to execute it.

EVERSHEDS SUTHERLAND



**D. Your Obligation to Provide Transitional Support**

Section 5.2 of the Transition Agreement further obligates the Schraders and NCCS to provide all reasonably necessary transitional support to the Educator Board, including assisting with financial audits, providing historical data for the IRS application, providing building maintenance records, and facilitating the transfer of operational knowledge. Your stonewalling with respect to the Building PSA is entirely irreconcilable with this obligation.

**III. YOUR MATERIAL BREACH**

Your refusal to execute or meaningfully engage with the PSA constitutes a material breach of the Transition Agreement. The specific contractual provisions you are violating include, without limitation:

1. **Section 2.1** — your binding commitment to sell the Building to an entity selected by the Educator Board and the Lenders, in no event later than twelve (12) months after the Effective Date;
2. **Sections 2.2 and 2.3** — your agreement to a definitive, fixed purchase price formula and price cap, which admit of no further negotiation;
3. **Section 8.14** — your obligation to execute and deliver such other and further documentation and to undertake such further actions as the Lenders shall deem necessary to effectuate the provisions of the Agreement;
4. **Section 8.14 (further assurances)** — your obligation to take such further actions to execute, file, record, publish and deliver such additional certificates, instruments, agreements and other documents as the other parties may reasonably request in order to accomplish the purposes of the Agreement; and
5. **Section 8.4** — your agreement that time is of the essence of this Agreement.

Section 4.6(ii) of the Transition Agreement expressly provides that it shall constitute a default if the School or the Schraders fail to keep or perform any of the covenants or agreements contained in the Agreement or take an action that is inconsistent in any material respect with any provision of the Agreement. Your refusal to perform NCCS's obligation to sell the Building — and your refusal to execute the PSA implementing that sale — falls squarely within Section 4.6(ii). Upon the occurrence of a default, and without the need for notice, presentment or demand, the Lenders may immediately take legal action in accordance with the loan documents, the Transition Agreement, and applicable law. We are extending you a professional courtesy in providing this demand before proceeding directly to court. Do not mistake it for a limitation on the School's or the Lenders' rights.

**IV. THE SCHOOL IS SUFFERING SIGNIFICANT AND ONGOING DAMAGES**

Your refusal to perform is not a costless delay. The School is presently incurring significant and escalating damages as a direct and proximate consequence of your breach, including but not limited to the following:

- **Ongoing mortgage and pass-through costs**: Section 2.4 of the Transition Agreement provides that during the period between the Effective Date and the Building Closing, the Educator Board, using the School's available funds, shall make all mortgage payments directly to Capital City Bank. Every month that you obstruct the Closing is a month the School continues to carry an obligation it was entitled to extinguish through the Building transaction.

EVERSHEDS SUTHERLAND



- **Automatic rent escalation**: Section 2.4 further provides that if the Building Closing has not occurred by the Closing Deadline, the pass-through arrangement shall immediately terminate, and the School shall thereafter pay NCCS a fixed monthly rent of $100,000.00, beginning with the first full calendar month following the Closing Deadline. Your conduct is placing the School on a direct path to that penalty.

- **Impairment of the Equity Credit**: NCCS acknowledges a credit of $5,119,262.85 already paid by the School to NCCS, which shall be deducted from the Building purchase price. Every day of delay jeopardizes the School's ability to realize the full economic benefit of that credit through a timely Closing.

- **Mounting professional fees**: The School and the Lenders are incurring attorneys' fees, advisory fees, and other professional costs solely because you refuse to honor obligations you voluntarily assumed.

- **Operational disruption**: The School's nonprofit conversion, financing arrangements, and long-term operational stability are materially dependent upon the timely consummation of the Building acquisition. Your conduct is causing compounding, concrete harm to the School, its students, its staff, and its community.

The School expressly reserves the right to quantify and seek all damages — including compensatory, consequential, and special damages — to the full extent permitted by law and equity.

## V. DEMAND FOR IMMEDIATE PERFORMANCE

We hereby demand that you, individually and in your capacity as President of NCCS, take one of the following actions within five (5) business days of receipt of this letter:

1. Execute the PSA in the form tendered to you, without modification; or, in the alternative,
2. Provide written identification of any specific, substantive, and good-faith objection(s) to the PSA so that the parties may promptly and in good faith resolve them.

Silence, vague objections, and further delay will not be accepted. The Transition Agreement requires that the Building Closing occur in no event later than twelve (12) months after the Effective Date. That deadline is December 17, 2026, and time is actively running. The damages to the School are mounting. The School's patience has been exhausted.

## VI. REMEDIES THE SCHOOL IS PREPARED TO PURSUE

If you fail to comply with the foregoing demand, the School and the Lenders are prepared to immediately pursue, without further notice or delay, all remedies available under the Transition Agreement and applicable Florida law, including without limitation:

1. **Specific Performance**: Section 8.3 of the Transition Agreement expressly acknowledges that the rights of each party to consummate the transactions contemplated by the Agreement are special, unique and of extraordinary character, and that in the event that any party violates or fails or refuses to perform any covenant or agreement made by it in the Agreement, the non-breaching party may be without an adequate remedy at law. The parties therefore agreed that in the event that any party violates or fails or refuses to perform any covenant or agreement made by such party in the Agreement, the non-breaching party or parties may institute and prosecute an action in any court of competent jurisdiction to enforce specific performance of such covenant

EVERSHEDS SUTHERLAND



or agreement or seek any other equitable relief, without any requirement to post bond. We will seek a court order compelling you to execute the PSA and to perform your obligations under the Transition Agreement.

2. **All Compensatory and Consequential Damages**: The School will seek full monetary recovery for all damages flowing from your breach, including damages for lost time-value, financing costs, escalating rent exposure, and all other economic harm.

3. **Attorneys' Fees and Costs**: Section 8.2 of the Transition Agreement provides that in the event of any legal action or proceeding instituted with respect to the Agreement, the party prevailing in such action or proceeding shall be entitled to collect from the non-prevailing party reasonable attorney fees, paralegal fees, law clerk fees and other legal costs and expenses, whether incurred at or before trial, and whether incurred at the trial level or in any appellate, bankruptcy or other legal proceedings. You will bear the full cost of the litigation you are inviting.

4. **Injunctive and Other Equitable Relief**: Section 8.3 of the Transition Agreement expressly preserves the non-breaching party's right to seek any other equitable relief, in addition to any remedies at law for damages. The School will seek injunctive relief, including a temporary restraining order and preliminary injunction if necessary, to prevent you from taking any action inconsistent with your obligations to consummate the Building sale, to frustrate the School's financing, or to otherwise impair the School's contractual rights.

5. **All other remedies** available under the Transition Agreement, applicable Florida law, and at equity.

**VII. GOVERNING LAW AND VENUE**

The Transition Agreement is governed by and interpreted, construed, and enforced pursuant to the substantive law of the State of Florida, without regard to choice of law rules, and each party has consented to the non-exclusive jurisdiction of the courts of the State of Florida, Alachua County, with venue proper in any court of competent jurisdiction located in Alachua County, Florida. The parties have irrevocably submitted to the exclusive jurisdiction of the state or federal courts located in the City of Gainesville, State of Florida, and have irrevocably waived any objection to the laying of venue of any action in such courts. If litigation is required, it will be filed promptly and without further notice.

**VIII. RESERVATION OF ALL RIGHTS**

Nothing in this letter shall be construed as a waiver, release, election of remedies, abandonment, or any other limitation of any right, claim, remedy, defense, or position available to the School, the Educator Board, or the Lenders under the Transition Agreement or applicable law, all of which are expressly and fully reserved. Section 8.5 of the Transition Agreement expressly provides that failure to invoke any right, condition, or covenant in the Agreement by either party shall not be deemed to imply or constitute a waiver of any rights, condition, or covenant, and neither party may rely on such failure.

EVERSHEDS SUTHERLAND



This letter is written without prejudice to the School's and the Lenders' rights, all of which are expressly reserved.

We urge you to consult promptly with your counsel, Mr. Withers, and to act immediately. The time for delay has passed.

Sincerely,

Rachel Reid

Rachel Reid
Partner, Eversheds Sutherland (US) LLP

*cc: Richard I. Withers, Esq.*

**SCRUGGS, CARMICHAEL & WERSHOW, P.A.**
ATTORNEYS AT LAW

4923 N.W. 43rd Street
Gainesville, Florida 32606

Telephone (352) 376-5242
Fax (352) 375-0690
www.scwlegal.org

Harvey E. Baxter
Jeffery R. Dollinger†
Stephanie L. Emrick †
William Richard Ezzell
Maury W. Ivey*
Raymond M. Ivey

†Florida Bar Board Certified - Real Estate
+Certified Family Law Mediator
*LL.M. (Taxation)

Kelley D. Jones
Kevin D. Jurecko
Lauren A. McCord
Kirstin Jurecko Megraw
Taylor K. Rose
Jonathan F. Wershow

Retired
Mitzi Cockrell Austin
Philip A. DeLaney
John F. Roscow, III
Pamela A. Schneider+
John G. Stinson

May 13, 2026

**<u>Via Email and Certified Mail</u>**
Newberry Christian Community School, Inc.
c/o President & Registered Agent, James R. Schrader
1520 NW 34th St.
Gainesville, FL 32605
Tracking #:9589 0710 5270 2120 1426 43
< jrshr10@gmail.com >

James R. Schrader & Rachel E. Schrader
13226 SW 1st Place
Newberry, FL 32669
Tracking #:9589 0710 5270 2120 1426 36
< jrshr10@gmail.com >

Richard I. Withers, Esq.
Withers Harvey, P.A.
1120 NW 8th Ave.
Gainesville, FL 32601
< richard@withersharvey.com >

**Re: Demand Letter for Specific Performance or Mediation regarding The Frazer School's "School Transition and Asset Purchase Agreement"**

Dear Mr. & Mrs. Schrader:

This Firm has the pleasure of representing The Frazer School (hereinafter, "Frazer School") in the above-described matter. As you know, there are a multitude of issues surrounding the sale of the current Frazer School building, many of which were detailed in the April 22, 2026 letter to you from Attorney Rachel Reid. The School Transition and Asset Purchase Agreement, ("Agreement"), which you signed, requires you to sell the building located at 4700 NW 89th Boulevard, Gainesville, Florida 32606 (the "Building") to Frazer School. That sale is essential to Frazer School obtaining financing (made necessary by your own actions with respect to funds

Sigsbee L. Scruggs 1898-1983 | Parks M. Carmichael 1909-1994 | James S. Wershow 1912-1985 | William D. Pridgeon 1933-1980
Michelle Vaughns 1946-1982 | William N. Long 1920-2003 | Ray D. Helpling 1934-2015 | William C. Andrews 1934-2021
Jonathan M. Turner 1982-2023 | Stan Cushman 1943-2023

entrusted to you for the benefit of Frazer School). Pursuant to that Agreement, you have been sent a proposed purchase and sale agreement ("PSA"), and a Binder Term Sheet for Purchase and Sale of Real Property. So far, you have failed to sign either but instead have threatened to bring eviction proceedings and sell the Building to a third party – neither of which is permitted under the Agreement.

Your actions are jeopardizing Frazer School and risking disruption to the education of its students. You are required to comply with the terms of the Agreement you signed.

In a final effort to close Frazer's School's pending refinance and accomplish the goals of the Agreement, the Frazer School is offering the opportunity to attend a pre-suit mediation with Monica Brasington, Esq. at the Resolution Center as an effort to settle this matter prior to filing a suit for specific performance and injunction to enforce the Agreement.

THEREFORE, IT IS HEREBY DEMANDED that you:

1. Promptly convey your interest in the property and assets described in the Purchase Agreement to Frazer School by signing the PSA.

-- OR --

2. Agree to attend mediation, at a date to be coordinated and set as soon as possible, with mediator and former circuit judge Monica Brasington, Esq.

To comply with this demand letter, please respond in writing to Kirstin J. Megraw, Esq. of Scruggs, Carmichael & Wershow, P.A. at 4923 NW 43rd St. Gainesville, Florida 32606; or at megraw@scwlegal.org, within five (5) business days of the date of this letter. If you fail to communicate your election of these choices as instructed herein, Frazer School will seek all remedies available in a court of law, including a lawsuit for specific performance, injunctive relief, court costs, and attorneys' fees.

**GOVERN YOURSELF ACCORDINGLY.**

Sincerely,

Kirstin J. Megraw

KJM: jp
cc: Client



54687814.1